SILVERBERG v. CITY OF NEW YORK.

(Supreme Court, Appellate Term. June 5, 1908.)

1. MUNICIPAL CORPORATIONS—LIABILITY FOR WORKS CONTROLLED BY MUNICIPALITY—DAMAGES.

    A municipal corporation does not insure citizens against damage from works of its construction; but its obligation is measured by the exercise of reasonable care, and its liability can only be predicated on its neglect or misconduct.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 1547.]

2. SAME—EVIDENCE—SUFFICIENCY.

    The fact that a leakage occurred in a water pipe under the control of a city, causing substantial damage, raises a presumption of negligence, which the city, to defeat a recovery, must meet by evidence explaining the nature or cause of the break in the pipe.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Beckie Silverberg against the city of New York. From a judgment rendered in the Municipal Court in favor of plaintiff, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and DAYTON and GERARD, JJ.

Francis K. Pendleton (Theodore Connoly and Thomas F. Noonan, of counsel), for appellant.

Gainsburg & Solomon (I. Gainsburg, of counsel), for respondent.

PER CURIAM. The pleadings are oral. The complaint is "sewer overflow." The answer is "general denial, demanding bill of particulars." The defendant's counsel states that "a written bill of particulars was served and filed"; but it is not annexed to the record. The evidence shows that the plaintiff sues the defendant to recover damages alleged to have been sustained by reason of water entering her cellar at 204 Delancey street from a break in a water pipe, which pipe

was under the control of the defendant. The jury found for plaintiff in the sum of $200. Defendant moved for a new trial, which motion was denied, and defendant appeals from the judgment entered upon the verdict and from the order denying the motion for a new trial.

The plaintiff's son states that at 5 o'clock in the afternoon of December 26, 1906, the cellar had three feet of water in it, and that the water was still rising; that he telephoned to the "city department," and that about 7 o'clock the city's repair gang came; that between 5 and 7 the water still flowed; that the repair gang worked a couple of hours, and the flow stopped; that the repair gang then proceeded to pump the water out of the cellar; and that at 11 o'clock the repair gang left. There was another break in the same pipe, and resulting overflow, about one year previous, according to the testimony of plaintiff's son, who claims that he watched the city repair gang while they were fixing the pipe in both instances, and that he also heard one of the repair gang state that the pipe which broke on December 26, 1906, was the same pipe that broke a year previous, in December, 1905, or January, 1906. The plaintiff's son is corroborated in many essential particulars by one Langer, and also by one Weisman. The defendant's witnesses testified that at 3:15 in the afternoon of December 26, 1906, the lieutenant at the Thirteenth Precinct police station house telephoned to the water department that a flood had taken place at No. 204 Delancey street; that in response to said call the assistant foreman of station 1 of the water department went with his repair gang to said locality, arriving there at 20 minutes to 4; that he notified the tenants that he would turn off the water, and 15 minutes thereafter turned it off and repaired the leak in the broken pipe. The plaintiff showed in detail the damage done, and the jury found for plaintiff in the sum of $200. Defendant appeals.

No exceptions were taken to the charge. While a municipal corporation does not insure citizens against damage from works of its construction, and its obligation is measured by the exercise of reasonable care, and its liability can only be predicated on its neglect or misconduct (Ettlinger v. City of New York [Sup.] 109 N. Y. Supp. 45), still in the case at bar it is conceded that the pipe which broke, thereby causing the overflow, was under the exclusive management and control of the defendant, and it is clear that a leakage therefrom, sufficient to cause the overflow shown in this case, is not a matter of ordinary occurrence, if proper care in the construction and maintenance of the city's water pipes is exercised. The fact of the leakage gave rise, therefore, to a presumption of negligence, which it was the duty of the defendant to meet. Lawson on Presumptive Evidence (2d Ed.) 122, rule 19b, and cases there cited; Griffen v. Manice, 166 N. Y. 188, 195, 59 N. E. 925, 52 L. R. A. 922, 82 Am. St. Rep. 630. The defendant herein offered no explanation whatever as to the nature of the break or its causes, and gave no testimony with respect to the pipe or its condition. The judgment and order should be affirmed, with costs.

Judgment affirmed, with costs.