## HOLLANDER v. HUDSON et al.

(Supreme Court, Appellate Division, First Department. July 11, 1912.)

1. NEGLIGENCE (§ 121*)—CONDITION OF BUILDING—RIGHT OF RECOVERY—RES
   IPSA LOQUITUR.
   Where a decorator went to defendants' house at their request to work,
   and while there was injured by the unexpected falling of a column which
   had stood for several years without appearing insecure, he could not re-
   cover without proof of defendants' negligence; the doctrine of res ipsa
   loquitur, under which negligence may be presumed from circumstances
   attending an accident, not applying in such case.
   [Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 217–220,
   224–228, 271; Dec. Dig. § 121.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. NEGLIGENCE (§ 121*)—PRESUMPTION—RES IPSA LOQUITOR.
   The circumstances attendant upon an accident which will justify an
   inference of negligent cause under the doctrine of res ipsa loquitor must
   be proved and not left to mere speculation, and, when proved, the infer-
   ence of negligence must be the only one which can be reasonably drawn.
   [Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 217–220,
   224–228, 271; Dec. Dig. § 121.*]

3. NEGLIGENCE (§ 32*)—SAFETY OF BUILDING—DUTY OWED.
   Householders who invited a decorator to work upon their premises
   were not insurers, but owed him merely the duty to exercise reasonable
   care for his safety while there.
   [Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 42–44; Dec.
   Dig. § 32.*]

Appeal from Trial Term, New York County.

Action by Edward Hollander against Charles I. Hudson and an-
other. From judgment for plaintiff and order denying new trial,
defendants appeal. Reversed, and new trial ordered.

See, also, 140 App. Div. 899, 125 N. Y. Supp. 138.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT,
MILLER, and DOWLING, JJ.

John Godfrey Saxe, of New York City, for appellants.
Nathan D. Stern, of New York City, for respondent.

McLAUGHLIN, J. [1] The plaintiff is a decorator, and in re-
sponse to a request of the defendants, or one of them, called at their
residence to do certain work, and was shown into a room called the
conservatory or palm room. This room was 18 feet 9 inches long,
7 feet 2 inches wide, with two feet of the width taken up by a plant
shelf running the whole length of the room. Above the shelf was a
window which also extended nearly across the width of the room,
and at or near either side of which stood two marble columns. Each
column was 9½ inches at the base, 6 feet 10 inches in height, and the
column was fastened to the base by an iron rivet. While the plaintiff
and one of the defendants were in this room, standing near the win-
dow, one of the columns fell, striking plaintiff and injuring him, for
which he brought this action to recover the damages alleged to have
been sustained. He had a verdict for a substantial amount, on which
judgment was entered, from which, and an order denying a motion
for a new trial, defendants appeal.

I am of the opinion that the judgment must be reversed as against
the evidence. The column had stood in the position where it was
when it fell for several years. It had never before fallen, and there
was no proof that it was dangerous, insecure, or defective, or what
caused it to fall. The court charged the jury that "there appears to
be, from the testimony of the plaintiff, no evidence whatever as to
what caused that column to fall." All there is therefore to sustain
the verdict is the fall itself.

It is sought to sustain the judgment on the theory—and this is the
theory on which the case was submitted to the jury—that the doctrine
of res ipsa loquitor applies. It does not apply. The action is based

upon defendants' negligence, and the mere fall of the column, unaccompanied by proof of any other fact or circumstance connected with it, is insufficient to sustain a finding of negligence. All that the phrase "res ipsa loquitor" (the thing speaks for itself) means is that proof of the attendant circumstances upon an accident is itself of such a character as to justify a jury, if unexplained, in inferring negligence as the cause. Griffin v. Manice, 166 N. Y. 188, 59 N. E. 925, 52 L. R. A. 922, 82 Am. St. Rep. 630.

[2] The attendant circumstances which justify the inference must be proved, and not left to mere speculation. And, when proved, it must appear that the inference sought to be drawn is the only one which can reasonably and fairly be drawn therefrom. Ruppert v. Brooklyn Heights R. R. Co., 154 N. Y. 90, 47 N. E. 971. An unusual occurence resulting in injury does not any more than the mere happening of an accident per se raise a presumption of negligence. Eaton v. N. Y. C. R. R. Co., 195 N. Y. 267, 88 N. E. 378. This is the general rule, to which, it is true, there are exceptions, for instance, where the relation of carrier and passenger exists or injuries to travelers in the public streets.

[3] The defendants were not insurers of the plaintiff's safety. The duty they were under to him was to exercise reasonable care for his safety while upon their premises. The record is entirely barren of any evidence tending to show neglect upon their part. If these views be correct, then it follows that the court erred in not dismissing the complaint at the close of plaintiff's case, or directing a verdict in favor of the defendants at the close of the whole case. Proper exceptions were taken in each instance by the defendants, and also to the charge of the court in permitting the jury to find the defendants negligent from the fall of the column alone.

The judgment and order appealed from are therefore reversed, and a new trial ordered, with costs to appellants to abide event. All concur.