### Allied Realty Company, Appellant, *v.* City of Philadelphia.

Argued October 24, 1928.

Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*Samuel J. Henderson,* and with him *Benjamin M. Kline,* for appellant, cited: Ottersbach v. Philadelphia, 161 Pa. 111; Rumsey v. Philadelphia, 171 Pa. 63; Zimmer v. Philadelphia, 57 Pa. Superior Ct. 20.

*James Francis Ryan,* and with him *G. Coe Farrier,* Assistant City Solicitors, and *August Trask Ashton,* City Solicitor, for appellee.

Opinion by Gawthrop, J., December 14, 1928:

This is a suit for damages to a building and the contents thereof located at 117-19-21 North Seventh Street, Philadelphia, caused, as alleged, by the bursting of defendant's thirty inch water main laid under the surface of Seventh Street and in front of plaintiff's property. At the trial a non-suit was entered and this appeal is from the refusal by the court below to take it off.

Assuming the truth of plaintiff's evidence and giving it the benefit of every inference fairly deducible therefrom, it appears that in June, 1926, water which came from some pipe in defendant's system began to leak into the premises adjoining the plaintiff's, and notice thereof was given to the city. The city's inspectors made an investigation by digging up the pavement in front of that property and elsewhere. They found a small pipe leaking and repaired it, but the water continued to seep in. On or about August 20, 1926, there was a small leakage of water into plaintiff's cellar. The plaintiff notified the Water Bureau and its inspectors made an investigation for the purpose of finding the cause of the leakage. They found a small leak and fixed it, but the water continued to run into plaintiff's cellar causing two or three inches of water to accumulate each night on the boiler room floor. On the morning of September 3, 1926, the high pressure main broke, causing a flood which damaged plaintiff's property. After it was repaired the leakage into plaintiff's cellar stopped. The fact of plaintiff's injury and its extent is not in dispute, the controversy being with regard to the sufficiency of its evidence to take the case to the jury. There was no testimony as to the character of this break in the main and no proof that there was any connection between it and the prior leakage. The latter is not set up as a cause of action, and no damage is claimed on account of it.

The mere fact that water from the ruptured main injured the plaintiff's property did not create a prima facie liability. Defendant's liability depends upon whether or not it was negligent. That negligence may consist of faulty construction of the main or failure to make a reasonably careful inspection from time to time, or failure to repair after actual or constructive notice of a defective condition: Morgan v. DuQuesne, 29 Pa. Superior Ct. 100. See also Abraham v. Yardun, 64 Pa. Superior Ct. 225, in which the cases dealing with liability in cases like this are reviewed. It is not asserted that the main was not well constructed of proper materials and suitable for the purpose. Nor is there any evidence of the failure to inspect, nor of any notice, actual or constructive, that the main had become defective or out of repair. The fatal defect of plaintiff's case is that there is no evidence of any connection between the break of the main and the leakage which preceded it. An inference that there was any connection between them would have to rest upon pure surmise. The large main was not the only water pipe in the street. There was no evidence of when it was laid, nor of the condition of the material in it after the break. So far as appears, the break may have been the result of a latent defect which would not have been disclosed by the uncovering of the pipe. No witness testified that a proper inspection required the uncovering of the main. No one is required to do a vain thing or make a useless inspection: Lentz v. Allentown Bobbin Works, 291 Pa. 526. If there had been any evidence to support the inference that the defendant ought to have suspected that the water which was running into plaintiff's cellar prior to the break in the main was coming from it, the case would present a different aspect. But there the case fails. The cases cited for the appellant in support of its contention are not controlling here, because all of

them may be differentiated from this case upon their facts. We all agree that the court below properly refused to permit a recovery and that the entry of the non-suit was justified.

The judgment is affirmed.