## Barrett et ux. v. Lally et al.

*James J. Powell* and *M. J. Eagen,* for plaintiffs.
*Günster, Mackie & Murphy,* for defendants.

HOBAN, J., March 1, 1940.—A water main of the Scranton Spring Brook Water Service Company, a public utility furnishing water to the people of Scranton, ran along Pittston Avenue, in said city. On the night of March 5-6, 1936, this water main burst, and as a result thereof the sidewalk in front of the premises of the other defendant Lally was heaved up and bulged out of level so that some of the flagstones were out of alignment with the rest of the sidewalk more than six inches. Neither the Scranton Spring Brook Water Service Company, nor defendant Lally, placed any barrier or other protective or warning device at this sidewalk. On the evening of March 6th, that is to say, at least 12 hours or more from the time the main burst, causing the condition described above, plaintiff Gertrude Barrett walked along the sidewalk in front of the Lally home and in the darkness tripped over one of the flagstones, bulged up as aforesaid, resulting in the injuries and the consequent damages which are the subject matter of this lawsuit.

The Scranton Spring Brook Water Service Company filed an affidavit of defense raising questions of law. The theory of the corporation defendant is that the statement of claim does not set forth any actionable negligence against it for the reason that it has no duty to maintain the sidewalk in front of the property of defendant Lally, but the sole responsibility for the maintenance of the sidewalk in a safe condition for the use of pedestrians is, as between these two defendants, upon defendant Lally.

At first glance it seems that the position of the corporation defendant is absurd, because it is natural to assume that even if the breaking of the water main is not in itself evidence of any negligence upon the part of the company, when a dangerous condition is caused thereby, which condition is the natural result of an accident to the water main, it would seem to be the duty of the company to remove that dangerous condition or to warn those likely to be affected thereby of the existence of the danger. That another person upon whose premises the danger exists may have an equally serious responsibility to warn those likely to suffer by the danger, should not absolve the company from its own responsibility. It seems to us, therefore, that the question to be determined in this case may be stated as follows:

Where the failure of the facility of a public utility creates a dangerous condition, even though the failure of the facility was not caused by any negligence on the part of the utility, is the utility responsible for the natural and probable results of the creation of the dangerous condition?

The corporation defendant relies largely upon the case of Allied Realty Co. v. City of Phila., 95 Pa. Superior Ct. 62, and similar cases which decide that, in the absence of evidence of negligence, a utility is not responsible for immediate damage to property caused by a hitherto unsuspected defect in its installation. But in the case at bar the question is not whether the break in the main was

caused by defendants' negligence, but whether the failure of the corporation defendant to notify or warn those apt to be affected by the resultant condition of the danger is not negligence.

It is agreed that the primary responsibility for the care of a sidewalk and the maintenance of it in a safe condition for public use is upon the property owner, but this responsibility is placed on him on the theory that he is likewise the owner of the sidewalk and that the public has only a right of user thereon, and the property owner's duty is to maintain his own property in such a condition that those lawfully using it, with the exercise of due care on their own part, may not be exposed to an unreasonable risk of harm. Now if a third party causes a condition to come about upon that property which might expose another person lawfully using the property to an unreasonable risk of harm, that third party, under the rule laid down in A. L. I. Restatement of Torts §386, is subject to liability for the bodily harm thereby caused to one whom he should recognize as likely to be upon the land. We do not see how the fact that the sidewalk in this instance is open to the public in any way varies the responsibility of the person causing the condition, merely because the law places the primary duty of maintenance upon the owner of the property.

Accordingly, we believe that plaintiffs have stated a cause of action, and that the questions of law raised by the affidavit of defense must be decided in favor of plaintiffs.

Now, March 1, 1940, the questions of law raised by the affidavit of defense of the Scranton Spring Brook Water Service Company are decided in favor of plaintiffs, defendant Scranton Spring Brook Water Service Company to have 15 days from the date hereof to file an answer to the merits, if desired.