ERNEST MEIBOHM, Respondent, *v.* HORTON PILSENER BREWING Co., INC., Appellant.

First Department, April 5, 1940.

*Winfred C. Allen* of counsel [*Salter & Steinkamp*, attorneys], for the appellant.

*Benjamin Glickman*, for the respondent.

TOWNLEY, J. This case was submitted to the Municipal Court on an agreed statement of facts. It appears that on March 4, 1938, an explosion occurred in a power house owned by the defendant corporation at 483 West One Hundred and Twenty-eighth street in the city of New York. The plaintiff's premises are located at 162 Morningside avenue. As a result of the concussion damage was caused to the plaintiff's property. The stipulation then continues:

" 3. The plaintiff does not know the nature of the said explosion, nor what caused the same; and the plaintiff likewise is unable to specify in what respects, if any, the said explosion was caused by any acts or omissions upon the part of the defendant.

" 4. The defendant does not know the nature of the said explosion, nor what caused the same."

The Municipal Court applied the doctrine of *res ipsa loquitur* and gave judgment in favor of the plaintiff. The Appellate Term affirmed this judgment. We think that that determination was erroneous.

The stipulation shows only that this explosion originated in defendant's building. The mere occurrence of the event hardly affords sufficient basis for casting the burden of explaining the cause of the explosion on the defendant. There should be at least some proof of what exploded. On the facts as given no conclusion is possible.

In *Cosulich* v. *Standard Oil Co.* (122 N. Y. 118) the Court of Appeals held that damage resulting from an explosion which in turn had been caused by an unexplained fire did not present a situation to which the doctrine of *res ipsa loquitur* was applicable. It is true that the opinion in that case discussed the necessity for a contractual relationship before the doctrine of *res ipsa loquitur* might be applied in a negligence case and that such a distinction appears to have been abandoned in *Griffen* v. *Manice* (166 N. Y. 188). It should be said in passing, however, that the decision in the *Cosulich* case did not depend entirely upon the lack of a contract relation between the parties. But whether the doctrine of a " contract relation'" has been abandoned or not is immaterial in this case. It is necessary that the accident as a result of which the damage was suffered should have occurred under such circumstances that the defendant is under a more or less obvious necessity of explaining how and why it occurred. Such a state of facts is not presented by this stipulation. We find no factual basis whatever to support this judgment.

The determination of the Appellate Term and the judgment of the Municipal Court should, therefore, be reversed and judgment should be directed for the defendant, with costs to the defendant in all courts.

MARTIN, P. J., DORE, COHN and CALLAHAN, JJ., concur.

Determination of the Appellate Term and judgment of the Municipal Court unanimously reversed and judgment directed for the defendant, with costs to the defendant in all courts.