WILLIAM A. CUNNINGHAM, Plaintiff, *v.* EXPOSITION GREYHOUND, INC., and HOWARD WAITZ, Defendants.

Supreme Court, Special Term, Queens County, June 18, 1940.

*Paul O'Dwyer,* for the plaintiff.

*Herman S. Bachrach,* for the defendants.

HALLINAN, J. Plaintiff seeks damages for personal injuries. He is a police officer of the city of New York. At about one-forty P. M. on April 21, 1939, he was engaged in the performance of his duties on Schermerhorn street, near Third avenue, Brooklyn, N. Y. At that time a World's Fair trailer, owned by the corporate defendant, was participating in a public parade on Schermerhorn street, escorted by motorcycle policemen. As it passed the intersection of Third avenue, at about fifteen to twenty miles an hour, the whole canvas top and supporting stanchions of the first trailer rose high in the air for some distance and descended upon plaintiff, causing him severe and painful injuries.

The defendants take the position that the accident could not have been anticipated; that it was caused by an external agency in that the trailer top was carried into the air by a sudden air current of unusual strength, and that the plaintiff has not affirmatively established their negligence.

It is quite evident that the plaintiff could not and did not in any way contribute to the accident, and that the trailer in question was under the undivided and exclusive control of the defendants.

I am of the opinion that, under all the circumstances, this case falls within the rule of *res ipsa loquitur.* The accident occurred " under such circumstances that the defendant is under a more or less obvious necessity of explaining how and why it occurred." (*Meibohm* v. *Horton Pilsener Brewery Co., Inc.,* 259 App. Div. 236, 237. See, also, *Bressler* v. *New York Rapid Transit Corp.,* 270 N. Y. 409, 413.) This it attempted to do by testimony to the effect that the trailer was new and the product of an outstanding truck manufacturing company; that it had been inspected and approved, and that there was nothing about it that would make any reasonable person anticipate the occurrence of an accident such as this. It seems to me that these inspections should have disclosed the inherent weakness and insecurity of the means which kept the " top " in place. It weighed some 200 pounds and was supported by four one and one-half inch pipe stanchions, set in sockets in the backs of the seats. The weight of the " top " and the tightness of the sockets alone held the stanchions in place. There were no bolts or pins to fasten them securely.

The defendants point out that there is no claim of any prior, similar accident, and that all indications were that the trailer had been properly constructed. However, this trailer was intended for special use in the fair grounds, which had not yet been opened, and the defendants brought it to the scene of the accident, a public highway many miles away, without taking any precautionary measures.

Under all the circumstances, the defendants have not shown that they exercised the " legally requisite care to do those things which if omitted would probably be the cause " of the accident. (*Sweeney* v. *Edison Electric Illuminating Co.,* 158 App. Div. 449, 451.)

Accordingly, judgment in favor of the plaintiff is granted in the sum of $5,000. Thirty days' stay and sixty days to make a case.