GEORGE FOLTIS, INC., Respondent, v. THE CITY OF NEW YORK, Appellant.

Judgment affirmed, with costs. No opinion.

Present — Martin, P. J., O'Malley, Townley, Untermyer and Cohn, JJ.; Martin, P. J., dissents in opinion in which Cohn, J., concurs. [174 Misc. 967.]

MARTIN, P. J. (dissenting). The plaintiff conducted a restaurant in the building located at the southwest corner of Thirty-sixth street and Eighth avenue, borough of Manhattan, New York city. On the evening of April 10, 1938, a twelve-inch water main in Eighth avenue broke at a point just south of Thirty-sixth street. Escaping water seeped into the premises occupied by plaintiff, causing damage for which the city of New York is sought to be held liable. It was shown that a longitudinal split in the flange or hub part of a section of the main had occurred. Much of the plaintiff's testimony sought to establish that the city failed to act promptly on notice of the break, and did not take appropriate steps to stop the flow of water. The defendant established that this water main was laid in 1929; that the pipe was new and according to the standard specifications, subjected at the factory to hydrostatic pressure test and again tested as to soundness before being installed. On behalf of the city there was testimony descriptive of the method of laying the pipe.

In addition to the amount of damage, the trial court submitted the following questions to the jury:

" (1) Was the defendant, that is, the City, negligent in failing to use reasonable care in the construction of the water main which broke?

" (2) Was the defendant, the City, negligent in failing to use reasonable care in maintaining the water main in reasonably proper state of repair?

" (3) Was the defendant, the City, negligent in failing to be reasonably diligent in shutting off the water after it received notice of the break? "

All of these questions were answered in the negative. The trial court, however, having reserved decision on the motion of each party for the direction of a verdict,

disregarded the answers of the jury and directed a verdict in favor of the plaintiff. The justice presiding at the trial held that the doctrine of *res ipsa loquitur* was applicable to the situation at bar and that the defendant had not rebutted the inferences of negligence.

The burden of proof of negligence is upon the party asserting it. "*Res ipsa loquitur*" is a rule of evidence which may create an inference of negligence requiring the defendant to "go forward." It does not, however, shift the burden of establishing negligence. (See *Galbraith* v. *Busch,* 267 N. Y. 230.)

In his discussion of the rule, Professor Wigmore quotes from *Ross* v. *Cotton Mills* (140 N. C. 115; 52 S. E. 121) as follows: " * * * To prevent any misconstruction of the circumstances under which or the manner in which this principle applies to the trial of causes we wish to restate: * * * It does not in any degree affect or modify the elementary principle that the burden of the *issue* is on the plaintiff. Walker, J., in *Stewart* v. *Carpet Co.,* 138 N. C. 60, clearly states the law in this respect: ' The doctrine does not dispense with the requirement that the party who alleges negligence must prove the fact, but relates only to the mode of proving it. The fact of the accident furnishes merely some evidence to go to the jury, which requires the defendant " to go forward with his proof." The rule of *res ipsa loquitur* does not relieve the plaintiff of the burden of showing negligence, nor does it raise any presumption in his favor.' The suggestion has been made in argument of cases at this term that, when the rule applies, it is the duty of this Court to instruct the jury that proof which calls the rule into action constitutes a ' *prima facie*' case, or raises a presumption of negligence. This is a misapprehension both of the principle upon which the rule is founded and its application. * * * The law says that the plaintiff is entitled to have a jury pass upon the physical facts and condition, and to say whether in their opinion he has made good his allegation of actionable negligence. The defendant may, or may not, introduce evidence as it is advised. By failing to do so, it admits nothing, but simply takes the risk of non-persuasion. This is what is meant by ' going forward' with testimony. He, by his course, says that he is willing to go to the jury upon the plaintiff's evidence." (9 Wigmore on Evidence [3d ed.], § 2509, p. 389.)

In *Sweeney* v. *Erving* (228 U. S. 233) Judge Pitney, writing for the court, said: " In our opinion, *res ipsa loquitur* means that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; that they call for explanation or rebuttal, not necessarily that they require it; that they make a case to be decided by the jury, not that they forestall the verdict. *Res ipsa loquitur,* where it applies, does not convert the defendant's general issue into an affirmative defense. When all the evidence is in, the question for the jury is, whether the preponderance is with the plaintiff."

Professor Wigmore also said: " It may be added that the particular force and justice of the rule, regarded as a presumption throwing upon the party charged the duty of producing evidence, consists in the circumstance that the chief evidence of the true cause, whether culpable or innocent, is practically accessible to him but inaccessible to the injured person." (9 Wigmore on Evidence [3d ed.], § 2509, p. 382.)

Of course, this must be predicated on the assumption that the defendant is in a position to know what caused the accident. In the article on " Effect of the Doctrine of Res Ipsa Loquitur " by Heckel & Harper in 22 Illinois Law Review, 724, the authors said (at p. 725): " But there is still another phase to a *res ipsa* case. The circumstances which give rise to the injury must be such as to lie exclusively within the defendant's knowledge. This may be said to be the ' reason ' for the rule, and usually takes the form of the instrument or appliance causing the injury being under defendant's control and management." The doctrine of *res ipsa loquitur* has been held not to apply to an explosion of an oil lighter (*Cosulich* v. *Standard Oil Co. of N. Y.*, 122 N. Y. 118); an explosion in a power-house (*Meibohm* v. *Horton Pilsener Brewing Co., Inc.*, 259 App. Div. 236, which case, it may be noticed, was submitted to the court on an agreed statement of facts which set forth that the plaintiff and defendant did not know the nature of the explosion or what caused the same); the falling of plaster from a ceiling (*Slater* v. *Barnes*, 241 N. Y. 284); the escape of steam from the pipes of a steam company (*Reiss* v. *New York Steam Co.*, 128 N. Y. 103); the plunging into a river of a taxicab (*Salomone* v. *Yellow Taxi Corp.*, 242 N. Y. 251); the falling of a marble column in a home (*Hollander* v. *Hudson*, 152 App. Div. 131); also, to an automobile suddenly swerving from a highway and crashing into a tree (*Galbraith* v. *Busch, supra*).

On behalf of the plaintiff it is urged that while the defendant may not actually know the exact cause of the break, it is in a far better position to know what did not cause the break than the plaintiff and is in a far better position to garner the facts which would absolve it of negligence, if such facts exist. This, of course, is tantamount to asserting that the burden is on the defendant of affirmatively establishing that it was not guilty of negligence.

The maintenance of a water supply involves the exercise of a proprietary or business power of a municipality and not its governmental function. (McQuillin on Municipal Corporations [2d ed.], § 1962.) As a proprietor of a business, the city is answerable for its negligence like any other business proprietor. (*Oakes Mfg. Co.* v. *City of New York*, 206 N. Y. 221.) It is not, however, an insurer. (*Jenney* v. *City of Brooklyn*, 120 N. Y. 164; *Ettlinger* v. *City of New York*, 58 Misc. 229; *Silverberg* v. *City of New York*, 59 id. 492.)

Ordinarily water mains are situated below the surface of the street. After having properly installed the main there is no duty on the city to reopen the street to reinspect the main. (*Farrell* v. *City of New York*, 113 App. Div. 687.) Water mains may break because of defects in the pipes which might have been detected before being put into use, or because of negligence in laying them. The jury has decided that neither of these elements was present in the case at bar. Breaks may also be attributable to latent defects in the pipe not discoverable by reasonable tests, or to corrosion resulting from chemicals in the soil, settlement of the ground surrounding the pipe not foreseeable through ordinary precaution. Electrolysis has also been found to be a cause of breakage. All of these causes are beyond the control of the defendant. It was not incumbent upon the defendant to affirmatively establish that the break was due to any one of them. We are of the opinion, therefore, that the doctrine of *res ipsa loquitur* is not controlling in a case of this character. In Massachusetts it has been held that the doctrine is not applicable to a water main break. (*Goldman* v. *City of Boston*, 274 Mass. 329; 174 N. E. 686.)

The plaintiff here, while urging that the doctrine is applicable, did not rely thereon, but offered what it calls " abundant proof of negligence."

Assuming that the doctrine is applicable, the testimony offered by the defendant as to the method of testing and laying the pipe was sufficient to meet the burden of going forward, which the doctrine places on a defendant. In *Ettlinger* v. *City of New York* (*supra*) the defendant offered no testimony, the complaint having been dismissed on plaintiff's case, as plaintiff had failed to prove notice to defendant of the defective condition of the water main. In the case of *Silverberg* v. *City of New York* (*supra*) the defendant gave no testimony with respect to the pipe or its condition.

In other jurisdictions municipalities have been held not liable for leakage from water mains. (*Allied Realty Co.* v. *City of Philadelphia*, 95 Pa. Super. Ct. 62; *Philadelphia Ritz Carlton Co.* v. *Philadelphia*, 282 Penn. St. 301; 127 A. 843; *Brown & Son* v. *City of Grand Rapids*, 265 Mich. 465; 251 N. W. 561; *City of Paris* v. *Tucker*, [Tex. Civ. App. 1906] 93 S. W. 233.)

The plaintiff and the defendant here both moved for a directed verdict. On the record before us we are of the opinion that the plaintiff failed to establish negligence on the part of the defendant, and the defendant is, therefore, entitled to judgment.

The judgment appealed from should be reversed, and the complaint dismissed. Cohn, J., concurs.