HENRY L. HIGGINSON and Others, Copartners in Trade Doing
  Business under the Firm Name and Style of LEE, HIGGINSON
  & COMPANY, Respondents, *v.* THE CITY OF NEW YORK,
  Appellant.

Second Department, January 18, 1918.

**Municipal corporations — negligence — liability of city for damage
to goods from escape of water from high pressure hydrants —
results of omission to produce evidence as to cause of injury.**

While a municipality is not liable for escape of water from its mains or
  hydrants without evidence of negligence, a city having the duty of
  inspection and user over the apparatus causing damage, is subject to
  the results of omitting to produce evidence showing how the injury arose
  or what was the difficulty on the occasion of such damage.

In an action against the city of New York for damage to goods in a ware-
  house caused by water, it appeared that a high pressure hydrant burst
  between nine and ten A. M., and that the water was not shut off until
  some time between eleven and twelve. The broken hydrant, the chief
  evidence of the cause of the injury, was not produced as it had been
  disposed of for junk, and the city made no explanation. Evidence
  examined, and *held*, that a judgment in favor of the plaintiffs should
  be affirmed.

APPEAL by the defendant, The City of New York, from
a judgment of the Supreme Court in favor of the plaintiffs,
entered in the office of the clerk of the county of Kings on
the 10th day of January, 1917, upon the verdict of a jury,
and also from an order entered in said clerk's office on the
same day denying defendant's motion for a new trial made
upon the minutes.

Sometime between nine A. M. and ten A. M. on July 8,
1912, the hydrant of the high pressure water service on the
west side of Furman street, about 190 feet north of Joralemon
street, burst, so as to flood two vacant lots somewhat lower
than the sidewalk, and create a pool that was rising against
the easterly side of two warehouses, Nos. 63 and 64 of the
New York Dock Company. After the dock company
employees tried vainly to divert the water by a trench, they
erected a dam on the top of the sills of the low windows of
the warehouse by bags of cement. Meantime, inside the
warehouses, they were moving the merchandise further from

the windows, so as to be beyond reach of the flooding. But the water rose a foot above the level of the lower window sills, and penetrated within the warehouses, damaging plaintiffs' wool. Sometime between eleven and twelve the city officials shut off the water, although appellant claims this was done sooner. Plaintiffs' damage was $958.75, for which they had a verdict.

*Edward A. Freshman* [*Lamar Hardy, Corporation Counsel,* and *Thomas F. Magner* with him on the brief], for the appellant.

*Edward J. Mastaglio* [*John K. Berry* with him on the brief], for the respondents.

PER CURIAM:

The verdict for the plaintiffs followed a charge which was quite as favorable to the city as the facts justified. The escape of water from this hydrant was at such pressure and volume that it covered an area of 14,000 square feet to a considerable depth, so that it came above the lower sills of the warehouse windows. The hydrant was found broken far below the ground, where it was not subject to surface shocks. There was no evidence as to the nature of this break, whether an old fracture, or of recent appearance. The broken hydrant — itself the chief evidence of the true cause of the injury — was taken to the city storage yard, and afterwards broken up and disposed of for junk.

Such a hydrant can be readily tested by pumping into it under pressure.

While a muncipality is not liable for escape of water from its mains or hydrants without evidence of negligence (*Jenney* v. *City of Brooklyn*, 120 N. Y. 164), a city, like any other defendant, having the duty of inspection and *user* over the apparatus causing damage, is subject to the effect of omitting to produce evidence, showing how the injury arose, or what was the difficulty on the occasion of such damage. (*Gravey* v. *City of New York*, 117 App. Div. 773.) Here the city made no explanation, although it does not show that such an explanation could not be made. This left it for the jury to say, on the expert testimony, whether defendant had absolved itself from negligence.

The issues as to reasonable promptness in shutting off the water, in view of its dangerous and threatening flood, were properly left to the jury, and their finding against the city was a fair conclusion from all the evidence.

The judgment and order should, therefore, be affirmed, with costs.

Present — JENKS, P. J., THOMAS, MILLS, RICH and PUTNAM, JJ.

Judgment and order unanimously affirmed, with costs.