GEORGE FOLTIS, INC., Respondent, *v.* CITY OF NEW YORK, Appellant.

Argued June 6, 1941; decided November 27, 1941.

*William C. Chanler, Corporation Counsel (Stanley Buchsbaum* and *Paxton Blair* of counsel), for appellant. The

doctrine of *res ipsa loquitur* should not be applied to the breaking of an underground water main. (*Oakes Mfg. Co. v. City of New York*, 206 N. Y. 221; *Hunt* v. *Mayor*, 109 N. Y. 134; *Jenney* v. *City of Brooklyn*, 120 N. Y. 164; *Empire State Ice Co.* v. *Rochester & Lake Ontario Water Service Corp.*, 274 N. Y. 186; *Simon* v. *City of New York*, 82 Misc. Rep. 454; *Terry* v. *Mayor*, 8 Bosw. 504; *Biancaniello* v. *Town of Colonie*, 261 App. Div. 161; *Higginson* v. *City of New York*, 181 App. Div. 367; *Gerard* v. *City of Boston*, 299 Mass. 488; *Brown & Sons* v. *Grand Rapids*, 265 Mich. 465; *Parks-Belk Co.* v. *City of Concord*, 194 N. C. 134; *Byrne* v. *Boadle*, 2 H. L. Cas. 722; *Hogan* v. *Manhattan Ry. Co.*, 149 N. Y. 23; *Robinson* v. *Consolidated Gas Co.*, 194 N. Y. 37; *Duhme* v. *Hamburg-American Packet Co.*, 184 N. Y. 404; *Slater* v. *Barnes*, 241 N. Y. 284; *Griffen* v. *Manice*, 166 N. Y. 188.) Even if the doctrine of *res ipsa loquitur* were applicable the question of negligence would still be one for the jury. It was error for the court below to direct a verdict for the plaintiff. (*Loudoun* v. *Eighth Ave. R. R. Co.*, 162 N. Y. 380; *Kay* v. *Metropolitan Street Ry. Co.*, 163 N. Y. 447; *Breen* v. *N. Y. C. & H. R. R. R. Co.*, 109 N. Y. 297; *Salomone* v. *Yellow Taxi Corp.*, 242 N. Y. 251; *Maher* v. *Manhattan Ry. Co.*, 53 Hun, 506; *Stallman* v. *New York Steam Co.*, 17 App. Div. 397; *Schachter* v. *Interborough R. T. Co.*, 146 App. Div. 139; *Baum* v. *New York & Queens County Ry. Co.*, 124 App. Div. 12; *Sweeney* v. *Erving*, 228 U. S. 233.)

*Frederick E. Klein* and *Joseph K. Reichbart* for respondent. The doctrine of *res ipsa loquitur* is applicable to the breaking of an underground water main. (*Ettlinger* v. *City of New York*, 58 Misc. Rep. 229; *Silverberg* v. *City of New York*, 59 Misc. Rep. 492; *Magee* v. *City of Brooklyn*, 18 App. Div. 22; *Gravey* v. *City of New York*, 117 App. Div. 773; *Talcott* v. *City of New York*, 58 App. Div. 514; *Buffums* v. *Long Beach*, 111 Cal. App. 327; *Loven* v. *Kansas City*, 74 S. W. Rep. [2d] 815.)

LEHMAN, Ch. J.  The premises occupied by the plaintiff as a restaurant were damaged by water from a broken

water main installed in the street by the city of New York and maintained by it. The break in the water main was discovered in the evening of April 12, 1938. There was a longitudinal split in the " flange part " of the main. The plaintiff produced evidence intended to show that the city failed to shut off the water from the broken water main within a reasonable time after it received notice of the break. It produced no evidence to show the cause of the break and no evidence that the break was due to negligence of the city in the construction or maintenance of the water main unless from the nature of the break in a main constructed and maintained by the city, negligence may be inferred or presumed by application of the rule of *res ipsa loquitur*.

At the close of the plaintiff's evidence, the defendant moved to dismiss the complaint on the ground that the plaintiff had failed to prove a *prima facie* case. After some discussion the trial judge stated that in view of conflict of judicial authority he felt that the question of whether the rule of *res ipsa loquitur* applies should receive more careful consideration than he could give to it at that time. For that reason, he suggested that he should reserve decision upon the defendant's motion to dismiss and that, after hearing the evidence of the defendant he should also reserve decision upon the motions which both parties would make at the close of the whole case, until the jury had answered five questions which he proposed to submit. Both sides acquiesced in that suggestion.

The five questions which the trial judge stated he would submit to the jury are:

" (1) Was the defendant negligent in failing to use reasonable care in the construction of the water main which broke?

" (2) Was the defendant negligent in failing to use reasonable care in maintaining the water main in a reasonably proper state of repair?

" (3) Was the defendant negligent in failing to be reasonably diligent in shutting off the water after receiving notice of the break?

" (4) What is the total amount of damage which the plaintiff sustained in consequence of its property being subjected to contact with water, mud, sand and gravel?

" (5) If your answer to question No. 3 is yes, what is the amount of damage which was caused to the plaintiff in consequence of the failure to shut off the water with reasonable diligence? "

The defendant city then produced evidence sufficient, if credited, to show that it did not fail in any duty to exercise reasonable diligence in shutting off the water after it received notice of the break. Even if without fault there, the city would still be liable for damages caused by the break if the break was due to its negligence, either in the construction or maintenance of the water main. The city produced no evidence to show the cause of the break. It did attempt to prove that whatever may have been the cause of the break, no negligence by the city, either in the construction or maintenance of the pipe, caused or contributed to the injury. For that purpose it produced evidence which, if credited, was sufficient to show that the pipes were new when laid; that field inspectors of the city tested carefully all pipes before they were laid; and that it was their duty to see that the pipes were properly laid. It is undisputed that cast iron pipes do not wear out or become defective from ordinary use for many decades and, perhaps, for centuries; but the length of life of such pipes may be affected by chemicals in the ground as well as in the water.

At the close of the case the defendant made a motion to dismiss the complaint and also for the direction of a verdict. The trial judge reserved decision upon that motion. The plaintiff's attorney then stated, " I have no motions to make. I am not going to join in the motion for a directed verdict. I ask to go to the jury on all the grounds that I have set forth in the memorandum I gave your Honor * * *." Even without a motion by the plaintiff for the direction of a verdict the trial judge would be required to determine whether the rule of *res ipsa loquitur* could be applied in this case. Without application of that rule it is plain that

the evidence is, as matter of law, insufficient to justify any inference that the defendant was negligent either in the construction or maintenance of the broken main and the trial judge would be bound to grant the *defendant's motion* for the direction of a verdict. The trial judge could not, without a motion by the plaintiff, direct a verdict *in favor of the plaintiff* even if he should decide that by application of the rule of *res ipsa loquitur* the uncontradicted evidence dictated an inference or presumption of negligence on the part of the defendant which had not been refuted and which as matter of law entitled the plaintiff to a verdict for the consequent damages. Failure by the plaintiff to move for the direction of a verdict and acquiescence by the plaintiff in the submission to the jury of the questions whether the defendant had failed to use reasonable care in the construction or maintenance of the water main would have the effect of a concession that upon this record there are questions of fact. If the jury should thereafter decide the questions submitted to it in favor of the defendant the plaintiff would not be in a position to urge, either upon a motion to set aside the verdict or upon an appeal, that as matter of law it was entitled to the direction of a verdict.

In the following colloquy the trial judge pointed out to the plaintiff's attorney that a motion for the direction of a verdict would not have the effect of a submission of questions of fact to the court but that the failure to make such a motion would have the effect of a concession that a question of fact exists which must be submitted to the jury:

" The Court: In order to relieve your mind of any possible difficulty you think you might be in by moving to direct a verdict, I will say now that if you do move to direct a verdict, I will not take that as joining in the motion. I do not think there is any such thing as joining in a motion for a directed verdict except it is done deliberately for the purpose of submitting the questions of fact to the Court.

" Suppose I should ultimately decide that the rule of *res ipsa loquitur* applies *and the Jury has found a verdict for the defendant, should you not have your record in condition where any Appellate Court could decide either way without the necessity for a new trial?*

" Mr. Klein: I am very grateful to your Honor for the suggestion you have made and putting it in the proper light. Frankly, sir, I had not given that consideration, and with that in mind, then I also join for a directed verdict.

" The Court: You do not join. You made a separate independent motion for a directed verdict.

" Mr. Klein: Yes, sir. I also move for a directed verdict on that issue.

" The Court: I will reserve decision on both.

" Mr. Klein: Thank you for your Honor's suggestion *because that will preserve any rights the plaintiff may have.*"

The plaintiff cannot now contend that the parties submitted to the court any question of fact if under the rule of *res ipsa loquitur* the evidence is sufficient to permit, but insufficient to dictate as matter of law, an inference of negligence.

The jury answered the first three questions in the negative, finding that the defendant had not failed to use reasonable care in the construction or maintenance of the water main, nor had it failed to use reasonable diligence in shutting off the water. In answer to the fourth question the jury found that the plaintiff had sustained damages of $2,500. The trial judge, disregarding the findings of the jury in favor of the defendant, held that the rule of *res ipsa loquitur* applied and, as matter of law, dictated an inference or presumption of negligence. He, therefore, granted the motion of the plaintiff, upon which decision had been reserved, for the direction of a verdict for the amount of damages suffered by the plaintiff, as found by the jury.

We have said that " where the instrumentality which produced an injury is within the exclusive possession and control of the person charged with negligence, and such

person has exclusive knowledge of the care exercised in the control and management of that instrumentality, evidence of circumstances which show that the accident would not ordinarily have occurred without neglect of some duty owed to the plaintiff is sufficient to justify an inference of negligence and to shift the burden of explanation to the defendant. (*Slater* v. *Barnes*, 241 N. Y. 284.) " (*Galbraith* v. *Busch*, 267 N. Y. 230, at p. 234.) In such circumstances the doctrine of *res ipsa loquitur* relieves a plaintiff from the burden of producing direct evidence of negligence, but it does not relieve a plaintiff from the burden of proof that the person charged with negligence was at fault. So in the cited case we have also said on the same page: " The doctrine of *res ipsa loquitur* is not an arbitrary rule. It is rather a common-sense appraisal of the probative value of circumstantial evidence. It requires evidence which shows at least probability that a particular accident could not have occurred without legal wrong by the defendant. To negative every possibility that the accident occurred in some extraordinary manner which would exculpate the defendant is often impossible. In the administration of the law we must be satisfied with proof which leads to a conclusion with probable certainty where absolute logical certainty is impossible. We may be constrained to act upon indecisive evidence where complete proof is impossible. Then the logical probative force of the evidence produced is measured, in part, by the test of whether it is the best evidence available."

We must determine whether the rule of *res ipsa loquitur* may be applied, in accordance with those principles, to the proof tendered in this case; whether, upon " a common-sense appraisal of the probative value " of the circumstantial evidence, measured in part by the test of whether it is the best evidence available, inference of negligence is justified. Here the pipes were in position for almost nine years before any break occurred. In accordance with proper practice they had been laid four feet below the surface. There is no evidence or suggestion that from the time when the

pipes were laid there was any warning that the pipes had shifted or deteriorated, and in the absence of such warning the city was certainly under no duty to examine the deeply-buried water mains. The lapse of time before the break occurred presents ground for argument that under the circumstances of this case the break was not due to an original defect, which careful inspection might have revealed, in the pipes or in the manner in which the pipes were laid.

In spite of such arguments the courts in some cases have applied the rule of *res ipsa loquitur* where the injury occurred from a break in an underground water main and have held that under that rule proof of the break constitutes circumstantial evidence sufficient to establish *prima facie* that the injury was due to the negligence of the public authorities. (*Higginson* v. *City of New York*, 181 App. Div. 367; *Buffums* v. *City of Long Beach*, 111 Cal. App. 327; *Esberg-Gunst Cigar Co.* v. *City of Portland*, 34 Ore. 282.) In other cases courts have reached the opposite contention. (*Terry* v. *Mayor*, 8 Bosw. 504; *Goldman* v. *City of Boston*, 274 Mass. 329.)

A " common-sense appraisal of the probative value of circumstantial evidence " excludes the arbitrary use of any rule of thumb. In directing a verdict for the plaintiff in this case the trial judge, Mr. Justice WALTER, wrote a notably careful opinion in which he points out that the doctrine of *res ipsa loquitur* does not mean that the " plaintiff may recover without sustaining the burden of proving negligence by a fair preponderance of the credible evidence. (*Goldstein* v. *Pullman Co.*, 220 N. Y. 549, 554.) The doctrine merely means that certain occurrences contain within themselves a sufficient basis for an inference of negligence, and it does not differ from ordinary cases of circumstantial evidence except in the respect that the facts and circumstances from which the inference of negligence is drawn are immediately attendant on the occurrence. (*Griffen* v. *Manice*, 166 N. Y. 188, 196; *Robinson* v. *Consol. Gas Co.*, 194 N. Y. 37, 40, 41; *Plumb* v. *Richmond L. & R. R. Co.*, 233 N. Y. 285, 288.) The doctrine is not confined to any

particular class of cases (*Goldstein* v. *Pullman Co.*, 220 N. .Y. 549, 554), and the test of its application is whether or not the occurrence does in truth point to negligence of the defendant as the fair and reasonable inference from the occurrence. Where the agency which produces the injury is not within the control of the person charged with negligence, or where the occurrence . is one which naturally might occur from causes other than his negligence, the inference of his negligence is not fair and reasonable; but wherever there is a combination of those two conditions, viz., control by the person charged with negligence and improbability of the occurrence having happened if he had been reasonably careful, the doctrine applies. (*Bressler* v. *New York Rapid Transit Corp.*, 270 N. Y. 409, 413.) " (174 Misc. Rep. 967, 969.)

The fact that the break occurred in a water main which had been buried in the ground for several years weakens the probative value of the evidence but it does not completely destroy it. Slight differences in the evidence might change the inferences which may fairly be drawn, but we agree with the trial judge that in this case an inference of negligence might reasonably be drawn from the unexplained occurrence of the break. True, more than a remote possibility would still remain that the break may have been the result of causes against which the city could not by vigilance guard, and by stressing one circumstance rather than another the inference that the injury was due to any dereliction of duty by the city may gain or lose in strength. If the city has in its control evidence which would make clear the cause of the break or would show exactly what care it has exercised in the construction and maintenance of the water main, a failure to produce such evidence might be a factor in weighing probabilities. Reasonable men might perhaps differ as to the inference that should be drawn from the occurrence of the break even though the city should offer no proof, but we think that both reason and the weight of authority support the ruling of the trial judge that the defendant's motion at the close of the plain-

tiff's case to dismiss the complaint should be denied. We agree that under the rule of *res ipsa loquitur* the plaintiff's proof that its property was damaged by a break in a water main constructed and controlled by the city was sufficient to establish *prima facie* that the injury was due to negligence of the city.

Though the plaintiff's proof, when it rested, may have been sufficient to establish *prima facie* the negligence of the defendant, it was certainly not conclusive proof. Even where the rule of *res ipsa loquitur* is applied, the burden of showing that the injury is due to the negligence of the defendant rests on the plaintiff. The burden never shifts to the defendant, and the plaintiff must sustain its claim by a preponderance of evidence. (*Plumb* v. *Richmond Light & R. R. Co.*, 233 N. Y. 285.) Here the defendant produced evidence intended to meet the *prima facie* case established by the plaintiff. The jury is the trier of the facts. If conflicting inferences may be drawn, choice of inference must be made by the jury. Upon all the evidence in this case the jury refused to find that the plaintiff had proven negligence by a preponderance of evidence. Its verdict may not be disregarded unless at the close of the whole case the plaintiff's *prima facie* proof had become conclusive.

The evidence produced by the defendant, as we have said, did not reveal the cause of the break. No burden rests upon the city to show that. Possible inference arising from the occurrence of the injury, that it was due to the negligence of the city would, of course, be completely rebutted by conclusive affirmative proof that the city had exercised all care reasonably possible in the manner in which it tested the pipes and supervised the laying of the main. Then it would be clear that whatever might have been the cause of the break, it was not due to any dereliction of the defendant. Here the defendant's evidence, even if believed by the jury, might, we may assume, still leave open the possibility that the injury was due to fault in laying the pipe. To that extent the defendant's testimony does not completely rebut the plaintiff's

*prima facie* case. For that reason the trial court has held that without complete rebuttal the inference of negligence becomes conclusive and has directed a verdict in favor of the plaintiff.

The direction of a verdict in favor of the plaintiff might be justified if the rule of *res ipsa loquitur* created a full presumption in favor of the plaintiff. It is without logical foundation if *res ipsa loquitur* is only a common-sense rule for the appraisal of the probative force of evidence which enables an injured person, in proper case, to establish *prima facie* that the injury was caused by the defendant's negligence, though the injured person may be unable to produce direct evidence of want of care in any particular. (See Wigmore on Evidence [3d ed.], § 2509.) It has been said by the Supreme Court of the United States that " *Res ipsa loquitur* means that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; that they call for explanation or rebuttal, not necessarily that they require it; that they make a case to be decided by the jury, not that they forestall the verdict. *Res ipsa loquitur*, where it applies, does not convert the defendant's general issue into an affirmative defense. When all the evidence is in, the question for the jury is, whether the preponderance is with the plaintiff." (*Sweeney* v. *Erving*, 228 U. S. 233, 240.)

In other jurisdictions, too, the courts have held that even where a defendant does not produce evidence to rebut the plaintiff's *prima facie* case established by application of the rule of *res ipsa loquitur*, it is for the jury to determine whether the inference of negligence should be drawn. (*Hughes* v. *Atlantic City & Shore R. R. Co.*, 85 N. J. L. 212; *Ross* v. *Cotton Mills*, 140 N. C. 115; *White* v. *Hines*, 182 N. C. 275; *Glowacki* v. *Northwestern Ohio Ry. & Power Co.*, 116 Ohio St. 451.) The analysis of the origin, nature and scope of the doctrine or rule of *res ipsa loquitur* contained

in the opinion of Mr. Justice WALTER seems to point to the inevitable conclusion that, in accord with these cases, evidence which under the rule of *res ipsa loquitur* satisfies the plaintiff's duty of producing evidence sufficient to go to the jury does not create a full presumption and is ordinarily not sufficient, even where the defendant produces no evidence in contradiction or rebuttal, to entitle the plaintiff to the direction of a verdict.

Relying upon the authority of *Hogan* v. *Manhattan Ry. Co.* (149 N. Y. 23), the trial judge felt constrained to reject this conclusion and to hold that the rule is different in this state. Disregarding the finding of the jury in favor of the defendant he directed a verdict in favor of the plaintiff because the defendant's evidence, even if credited, fell short of rebutting, in all particulars, the inference that the defendant's negligence caused the injury and because it still left open the possibility that the break may have been due to the negligence of the city in constructing the main. In the cited case the Court of Appeals affirmed a judgment in favor of the plaintiff, entered upon a verdict directed by the trial court, where the plaintiff relied upon the rule or doctrine of *res ipsa loquitur* to establish his cause of action. The defendant in that case offered no evidence and the court said in its opinion: " We think the case was properly disposed of at the trial for the reason that the undisputed evidence raised a presumption of negligence against the defendant. A verdict for the defendant on the record as it stands would be set aside as contrary to the evidence. \* \* \* The plaintiff sustained the burden of proof and it was incumbent upon the defendant to offer evidence, if any existed, to rebut the presumption of negligence " (p. 25).

Though in some other jurisdictions it has been held that where a defendant produces no evidence to rebut an inference or presumption of negligence, arising under the rule of *res ipsa loquitur*, the court may direct a verdict in plaintiff's favor, in no case has it been held that a verdict may be directed where evidence is presented by the defendant

which weakens such inference, even though it does not conclusively rebut it. Very little evidence might suffice to rebut a presumption. (*Kearney* v. *London, Brighton & South Coast Ry. Co.*, 5 Q. B. 411 [1870].) There may be cases where the *prima facie* proof is so convincing that the inference of negligence arising therefrom is inescapable if not rebutted by other 'evidence. We need not now determine whether that was true in the *Hogan* case. In most cases it is not true and it is certainly not true here where the plaintiff's evidence, even while unrebutted, left serious doubt whether the break in 1938 was due to conditions which might have been avoided by the exercise of care in 1929.

We should not, however, place our decision in this case upon any narrow ground. A study of the opinions of the appellate courts of this state reveals that judges have used the terms " inference " and " presumption " indiscriminately and without recognition that an " inference " and a " presumption " are not identical in scope or effect. Judicial failure to note the distinction has led to confusion of thought and often to inconsistencies in judicial opinions and decisions. (See *Volkmar* v. *Manhattan Ry. Co.*, 134 N. Y. 418; *Loudoun* v. *Eighth Avenue R. R. Co.*, 162 N. Y. 380; *Cunningham* v. *Dady*, 191 N. Y. 152; *Plumb* v. *Richmond L. & R. R. Co.*, 233 N. Y. 285.) It is perhaps impossible for trial judges to deduce from the opinions or decisions of the appellate court the procedure they should follow when under the rule of *res ipsa loquitur* the plaintiff has established *prima facie* that injury was due to the negligence of the defendant and the defendant introduces no evidence in rebuttal. (See Rosenthal, " Procedural Effect of Res Ipsa Loquitur," 22 Cornell Law Quarterly [1936], p. 39.) The opinion of Mr. Justice WALTER 'has served to make manifest the fact that the fault for diversity of procedure in the trial courts does not lie there. The time has come to attempt authoritative formulation of the procedural rule, confused in this state as in other jurisdictions by earlier failure to appreciate fully the implications latent in the rule of *res*

*ipsa loquitur.* (Cf. *Glowacki* v. *Northwestern Ohio R. & P. Co., supra.*)

Where a plaintiff establishes *prima facie* by direct evidence that injury was caused by negligence of the defendant the court may seldom direct a verdict, though the plaintiff's evidence is not contradicted or rebutted by the defendant. In such cases the question of whether the defendant was in fault in what he did or failed to do is ordinarily one of fact to be determined by the jury unless the jury is waived. The practice should be the same where under the rule of *res ipsa loquitur* the plaintiff establishes *prima facie* by circumstantial evidence a right to recover.

In cases later than *Hogan* v. *Manhattan Ry. Co.* this court has indicated the practice that should be followed, though even in those cases the terms " presumption " and " inference " are at times used indiscriminately. Thus in *Salomone* v. *Yellow Taxi Corp.* (242 N. Y. 251, at p. 259) this court has said: " In cases of this kind dealing with inferences and presumptions, it is the jury and not the judge which is to draw the inference and determine the effect of presumptions. It is not the accident which alone and of itself may raise the presumption of negligence. It is the accident accompanied by all the surrounding circumstances. The circumstances and the events leading up to the accident may overcome any presumption of negligence which might otherwise arise. *Even when there be a presumption of negligence arising from a failure upon the part of a common carrier to explain how an accident happened,* it is for the jury to say whether the presumption, which is only *prima facie* evidence of negligence, entitles the plaintiff to a verdict. Upon a *prima facie* case, the jury may not find for the plaintiff; they are justified at law in so finding, but they are not compelled to award damages. The remoteness of the accident from the conclusion which a reasoning mind would draw from the defendant's failure to explain, may always be taken into consideration. That is, a failure to explain does not necessarily indicate negligence." (Italics are new.)

For these reasons we conclude that the trial court erred in granting the plaintiff's motion for the direction of a verdict. When the court granted that motion upon which it had reserved decision, it was bound to ignore all that occurred at the trial thereafter. The findings of the jury in favor of the defendant were of no effect if, as the court held, the plaintiff was entitled as matter of law to the direction of a verdict. No rulings by the trial judge, no findings by the jury, after the motion for the direction of a verdict, could affect the judgment which followed upon the decision of the trial judge granting the motion and, therefore, none could be reviewed upon the appeal from that judgment; but after that judgment in favor of the plaintiff is reversed, the effect that should be given to the findings of the jury in favor of the defendant must still be determined.

The trial court has not yet passed upon the motion of the plaintiff to set aside these findings or the motion of the defendant for judgment upon these findings. Each party is entitled to a decision of the motion it has made and either party may appeal from the order or judgment entered upon such decision. For these reasons the judgment must be reversed and the proceedings remitted to the trial court to decide the motions made by both parties after the jury reported to the court. In order to assist the trial judge in his consideration of these motions, we should point out some of the consequences of what we have said and decided in this case.

The trial judge has submitted to the jury as separate questions (1) whether the defendant was negligent in the construction of the water main, and (2) whether the defendant was negligent in maintaining the water main in a reasonably safe condition. The evidence, even by application of the rule or doctrine of *res ipsa loquitur*, is insufficient to sustain a finding of negligence in either particular considered separately; it is sufficient to sustain a finding that the break would not have occurred if the defendant had exercised due care in all particulars. The use of such words as " *res ipsa loquitur* " or an attempt to discuss

with a jury whether by application of the rule a "presumption" or an "inference" arises from the evidence might confuse rather than enlighten a jury, but the jury cannot pass intelligently upon the question whether the inference of negligence should be drawn, unless, in language which it can understand, it receives an explanation of why the evidence would permit an inference of negligence, and why the jury may reject such inference if it sees fit.

The same logical difficulty in reconciling the decisions of this court, which inevitably caused confusion as to the procedural effect of the application of the rule or doctrine of *res ipsa loquitur*, resulted no less inevitably in failure to submit to the jury the decisive question in this case in a form which would enable the jury to exercise its functions in accordance with the principles outlined above. The fault, we have said, does not lie with the trial judge and for the same reasons it does not lie with the parties if they failed by proper exceptions and requests to charge to ask for a more adequate submission of the decisive question. The trial judge has power to grant the plaintiff's motion to set aside the findings of the jury if he concludes that for such reasons there should be a new trial.

The judgments should be reversed and the case remitted to the Trial Term to proceed in accordance with this opinion, with costs in all courts to appellant to abide the event.

LOUGHRAN, J. (dissenting). This was a *res ipsa* case. (*Bordon* v. *Central Hudson Gas & Electric Corp.*, 272 N. Y. 596.) Whether the unexplained break in the city's pipe was sufficient warrant for a finding of negligence was thus primarily a question of fact. (*Breen* v. *N. Y. C. & H. R. R. R. Co.*, 109 N. Y. 297.) After the jury had found the plaintiff's damages to be $2,500, the parties stipulated that the trial judge should reserve decision on all motions and thereafter " announce a decision and make the appropriate direction with the same force and effect as if the jury were present."

The opinion of the trial judge has been reported (174 Misc. Rep. 967). He took the ground that the evidence offered by the city actualized the *prima facie* proof of its negligence. The words of the trial judge were these: " Defendant's evidence that it tested the pipes before laying them did not in any way tend to rebut the inference of negligence. On the contrary, by tending to exclude the possibility that the pipes themselves were defective, it tended to sustain the inference that they were negligently laid, for if the pipes themselves were good they certainly would not break in ten years unless they were either improperly laid or were subjected to some exceptional and untoward force or experience, and the latter alternative has not been so much as suggested " (p. 970). The trial judge also stressed the fact that no evidence whatsoever as to the cause of the break in its pipe was offered by the city, though there was every reason to suppose that it had accurate knowledge of that matter. I think this emphasis was as it ought to have been. When one party to an action, knowing the truth of a matter in controversy and having the evidence in his possession, omits to speak, every inference warranted by the evidence should be indulged against him. (*Wylde* v. *Northern R. R. Co. of N. J.*, 53 N. Y. 156.)

I do not believe the trial judge misconceived the authorities he so carefully collated. If he thought the parties meant to leave the decision of the present issue to him, I am not prepared to say he was wrong in that understanding of the theory of the trial. Even if he directed the verdict against the city in the belief that a verdict the other way would strike every fair mind as indefensible in point of sense, I am still not disposed to take the other side. (Cf. *Hogan* v. *Manhattan Ry. Co.*, 149 N. Y. 23.)

I vote to affirm the judgments of the courts below.

FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur with LEHMAN, Ch. J.; LOUGHRAN, J., dissents in opinion.

Judgment accordingly.