ROBERT WRIGHT, Respondent, v. HORN & HARDART Co., Appellant.

Supreme Court, Appellate Term, First Department, March 7, 1946.

*William M. Keiley* and *E. C. Sherwood* for appellant.

*Abraham Jame* and *Max Scheer* for respondent.

MEMORANDUM *Per Curiam.* Plaintiff charged that an employee of defendant in its Automat restaurant without notice or warning negligently shut the inner drum of a food compartment on plaintiff's left hand, inserted to take out purchased food, and injured his hand before he had reasonable opportunity to withdraw same. Plaintiff undertook, by his own direct testimony, to prove his claim, gave no evidence in respect of notice or warning and in addition relied on the circumstances shown to raise an inference of negligence. The court in effect charged this raised a presumption of negligence unless defendant disproved plaintiff's evidence. This was error (*Foltis, Inc.,* v. *City of New York,* 287 N. Y. 108). While of small consequence, as plaintiff put the issue of notice or warning into the case, he should have given evidence in respect of same.

Since the testimony of defendant's expert showed the inner cylinder could be moved only by an employee of defendant, issues of fact were presented for the jury under proper instructions. If the expert's further testimony that the inner cylinder could not be moved with the outer door open is believed, the verdict would have to be for the defendant.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event.

HAMMER and McLAUGHLIN, JJ., concur in Memorandum *Per Curiam;* EDER, J., dissents and votes to affirm.

Judgment reversed, etc.