■ DEREK DICKINSON, Appellant, v. DELAWARE, LACKAWANNA & WESTERN RAILROAD COMPANY, Respondent.— This is an appeal by the plaintiff from a judgment entered in the Supreme Court, Broome County, upon a jury verdict of no cause of action and from the order denying the plaintiff's motion for a new trial. In 1952, plaintiff was a cook employed by the S. H. Golden Company of New York City at a labor camp set up by the defendant railroad at Whitney Point, New York. The plaintiff claims that on June 25, 1952, while he was proceeding down a set of wooden steps from a platform built outside the kitchen car, one of the steps gave way and he fell, suffering an injury to his right leg and ankle. The injury at first appeared to be only a severe sprain but subsequently the plaintiff developed additional symptoms relating to his foot, leg and back and since the accident has been under medical care. The plaintiff offered no affirmative evidence to show that the steps had been improperly constructed or that the defendant had any actual or constructive notice of any defect. The only affirmative testimony was that of the plaintiff who testified that he observed that the cleat holding the right side of the step was weatherbeaten and that, when he placed his foot on the step, it gave way. The camp manager testified on behalf of the defendant, that the steps had been in constant use prior to the accident and that they had been found to be substantial and firm, that he had used them daily himself and had noticed nothing wrong with them. The case was submitted to the jury under the doctrine of *res ipsa loquitur*. As the trial court correctly charged, this doctrine does not require the jury to draw an inference of negligence but merely permits it to draw such an inference

(*George Foltis, Inc.,* v. *City of New York,* 287 N. Y. 108; Prosser on Torts, [2d ed.], pp. 199–217). It cannot be said that the jury's refusal to draw the inference of negligence, under the circumstances, was unreasonable or improper. Therefore it cannot be said that the jury's verdict of no cause of action was against the weight of the evidence. Apart from the question of the weight of the evidence, the plaintiff contends that the court below erred in allowing the defendant's counsel to ask certain questions and to make certain statements which it is claimed were intended to, and did, have the effect of informing the jury that the plaintiff was covered by workmen's compensation. But there was no explicit mention of workmen's compensation at any time during the trial and we do not believe that the plaintiff was prejudiced by the defendant's questions or statements. Upon the issue of whether the plaintiff had suffered a prior injury to his leg, the defendant offered the testimony of a former employer who gave a circumstantial account of the injury. The defendant also offered two telegrams purporting to have been sent by the plaintiff to his former employer, which corroborated and supported the testimony of the former employer. The plaintiff denied having sent the telegrams and he objected to their admission upon the ground that there was not sufficient evidence that he had sent them. The detailed facts concerning the prior injury referred to in the telegrams corresponded closely to the independent evidence in the case. We find that the evidence tended to establish the authenticity of the telegrams to a sufficient degree to justify the court in receiving the telegrams in evidence and leaving it to the jury to determine as a question of fact whether the telegrams had been sent by the plaintiff. In any event, the error, if any, in the admission of the telegrams was not prejudicial since they were merely cumulative in view of the independent proof of the plaintiff's prior injury. Judgment and order appealed from unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.