Mitchell D. Schweitzer, J.
This action was tried before the court without a jury and formal findings of fact and conclusions of law were waived.
Plaintiff sues for damages to its apartment building located at No. 50 Central Park West, in the borough of Manhattan, resulting from the pouring of water into and upon plaintiff’s property from broken water pipes exclusively owned, operated, controlled and maintained by the defendant City of New York. The complaint alleges four causes of action, two against the City of New York, because of the negligence of the city in the maintenance of its underground water connections and because it created and continued a nuisance; a third cause against the Consolidated Telegraph and Electrical Subway Company, which exclusively owns, operates, controls and maintains certain underground pipes or ducts which house electrical cables. It is alleged that Consolidated permitted its pipes or ducts to contact or otherwise cause and impose unusual stresses and strains upon the city’s water pipes or mains; as a result thereof the city’s water pipes and main broke on or about October 28, 1954 and thereby flooded and brought about all the damage to plaintiff’s property; the fourth cause of action is against both defendants and alleges that the damage to plaintiff’s realty was caused by the negligence of both defendants, acting jointly and severally.
The City of New York pleads a general denial and sets forth a cross complaint against the Consolidated, alleging in substance that the Consolidated’s pipes interfered with the water pipes and mains of the city and that by reason of the negligence of Consolidated, the water pipes or mains of the city were caused to break and thereby caused the damage to plaintiff’s property. The city prays for judgment over against the Consolidated. Consolidated pleads a general denial to the' complaint and to the cross complaint.
*481 The evidence establishes that a six-inch hydrant branch pipe located 10 to 15 yards south of Sixty-fifth Street and Central Park West broke, causing water to flood the basement and other portion of plaintiff’s premises, No. 50 Central Park West, New York City. Directly over and crossing perpendicularly the severed portion of the water pipe is located a duct line of the Consolidated. Whether this duct was lying upon the water pipe or was resting on a steel plate supported by concrete piers, with a space of one or one and one-half inches separating the base of the concrete duct and the hydrant branch pipe, is in sharp conflict, according to the testimony of "witnesses who went into the excavation and examined the area immediately upon the excavation or after temporary repairs were made. However, there is evidence that the concrete duct, holding the electrical cables, Avas not cracked and remained on the steel plate supported by its piers.
Under the facts and circumstances, let us assume, I have accepted the version of the witnesses of the City of New York to the effect that the concrete duct had shifted and dropped onto the hydrant branch pipe causing it to be severed.
But the evidence further discloses that this concrete duet was installed by the city’s contractor in the restoration of underground structures disturbed during construction of the subway line between the years of 1926 and 1931, pursuant to and under specifications of the City of New York under its powers and in accord with the statutory provisions. (Rapid Transit Act, §§ 26, 6, 25 [now Rapid Transit Law, §§ 22, 23, 31].) The Consolidated had no power to interfere with the manner of restoration or place of location. At the time of restoration of the concrete ducts, the city also restored its water lines.
It was the duty of the city to install its water main and hydrant branch safely and according to good engineering practice so that it Avould not become a source of injury to others. The resultant breach of such duty makes the city an active Avrongdoer., Under such a principle of law the city cannot recover on its cross complaint. (Lauer v. City of New York, 43 N. Y. S. 2d 251.)
The liability of the defendant, Consolidated, presents a more difficult question. The city not only disturbed the Consolidated’s ducts but had complete control in the restoration. The Consolidated was not shown to have interfered with such restoration after completion by the city. There was no warning that the ducts had shifted or deteriorated, and in the absence of any Avarning the Consolidated Avas certainly under no duty to *482 examine the deeply buried and many miles of concrete ducts. (Foltis, Inc. v. City of New York, 287 N. Y. 108.)
There is some evidence that water was leaking from the main water pipes within the same vicinity and around that portion where the hydrant pipe was connected. Whether this was a concurrent cause of the damages is not necessary to decide, since the city has been held as an active wrongdoer. There is insufficient evidence to establish that the injury was due to the negligence of the defendant, Consolidated.
The case of Lauer v. City of New York (supra) is not in point and does not relate to comparable facts. In that case the steam corporation laid its steam main directly beneath and in one place touched the water main pipes of the city. The city discovered during the course of replacing its main the close proximity of the steam pipes, but did nothing to remove what seemed to be a dangerous condition. Both parties were found to be active wrongdoers.
In the case at hand the defendant, Consolidated, did not lay the concrete duct, nor was it shown that it ever had knowledge of a dangerous condition. The concrete duct was lying on a steel plate resting on concrete piers above the water pipe, and such support and proximity in itself was not a dangerous condition so as to charge the defendant, Consolidated, with negligence.
Accordingly, judgment is granted to plaintiff for $2,500 against the City of New York, and the complaint is dismissed as against the Consolidated Telegraph and Electrical Subway Company, all without interest, costs or disbursements.
The cross complaint of the City of New York against the Consolidated Telegraph and Electrical Subway Company is dismissed, without costs. The stipulation entered into between the parties provides that any judgment to be entered shall be without costs.
This constitutes the decision of the court pursuant to section 440 of the Civil Practice Act.