■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM QUINN, Appellant.— Order unanimously affirmed. No opinion. Concur— Botein, P. J., Frank, McNally, Stevens and Bastow, JJ.

■ NARL G. STEPHENS, Appellant, v. CITY OF NEW YORK, Respondent.— Judgment unanimously affirmed, with costs to the respondent. No opinion. Concur— Botein, P. J., Frank, McNally, Stevens and Bastow, JJ.

■ HERMAN FORBES et al., Respondents, v. NATHAN R. FINKELSTEIN et al., Appellants.— Order so far as appealed from unanimously affirmed, with $20 costs and disbursements to the respondents. No opinion. Concur— Botein, P. J., Frank, McNally, Stevens and Bastow, JJ. [7 Misc 2d 450.]

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT E. BATES, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MAURICE VALSINT and JOSEPH CAPEL, Appellants.— Judgments unanimously affirmed. No opinion. Concur— Botein, P. J., Frank, McNally, Stevens and Bastow, JJ.

■ EL JAY PROPERTIES, INC., et al., Appellants, v. CHARLES MILLER, Respondent.— Determination unanimously affirmed, with costs to the respondent. No opinion. Concur— Breitel, J. P., Rabin, Valente, McNally and Bastow, JJ.

■ SALVATORE ALBERTI, Plaintiff, and LUCILLE ALBERTI et al., Respondents, v. NIAGARA MOTOR EXPRESS, INC., et al., Appellants.— Judgment unanimously affirmed, with costs to the respondent. No opinion. Concur— Breitel, J. P., Rabin, Valente, McNally and Bastow, JJ.

■ In the Matter of 55TH STREET REALTY Co., Appellant, against ROBERT C. WEAVER, as State Rent Administrator, Respondent.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur— Breitel, J. P., Rabin, Valente, McNally and Bastow, JJ.

■ JEROME WURF et al., Appellants, v. ANDREW W. MULRAIN et al., Respondents.— Judgment and order unanimously affirmed, with costs to the respondents. No opinion. Concur— Rabin, J. P., Valente, McNally, Stevens and Bastow, JJ.

■ GLORIA GROSS, Respondent, v. TEMP REALTY CORPORATION et al., Appellants.— Judgment, in favor of plaintiff after nonjury trial, unanimously reversed on the law and on the facts and a new trial ordered, with costs to appellants to abide the event. Plaintiff to sustain her recovery relies upon the rule of res ipsa loquitur. When that rule is applied, however, the burden of showing that the injury is due to the negligence of the defendant rests on the plaintiff (George Foltis, Inc. v. City of New York, 287 N. Y. 108, 118). In other words, " All that the doctrine accomplishes is that when the surrounding circumstances have been sufficiently proven, a prima facie case is presented and the defendant is required to come forward with evidence explaining the event and disproving the negligence. If a satisfactory explanation is offered by the defendant, the plaintiff must rebut it by evidence of negligence or lose his case. On the whole case there must be a preponderance of evidence in favor of plaintiff's contention." (1 Warren's New York Negligence, p. 106.) Examining the record in the light of this rule, we find no evidence by plaintiff to rebut the substantial proof of the defendants that an unknown third party came in contact with the glass wall causing it to break with the resulting injuries to the plaintiff. Accordingly, on the facts and on the law and in the interests of justice there should be a new trial. Concur— Rabin, J. P., Valente, McNally, Stevens and Bastow, JJ.