**Charles T. FURLONG, Plaintiff,**

v.

**Herman T. STICHMAN, as Trustee, Hudson & Manhattan Railroad Company, Defendant.**

United States District Court
S. D. New York.
Nov. 25, 1959.

Zelenko & Elkind, New York City, for plaintiff.

L. Robert Driver, Jr., New York City, for defendant.

METZNER, District Judge.

Plaintiff moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. The cause of action is predicated upon the Federal Employers' Liability Act and federal law applies.

It appears from the complaint, the answers to the notice to admit (Rule 36) and plaintiff's affidavit in support of this motion that a train owned and operated by defendant on which plaintiff was a conductor ran into another train owned and operated by defendant. The latter train was at a halt at the time of impact and plaintiff was not operating the controls of the train on which he was the conductor.

Plaintiff claims he was injured as a result of the collision. By this motion he seeks judgment on the issue of liability and the setting of the cause for trial on the issue as to the amount of damages.

Defendant has not submitted any affidavit in opposition to this motion, but resists the motion on the basis of its denial in the answer of the usual allegation of negligence contained in the complaint, its right to have a trial in order to test the credibility of witnesses and finally that plaintiff is relying on the doctrine of res ipsa loquitur, which by itself does not justify the granting of the motion.

The question before the court is whether plaintiff has shown that there is no genuine issue of fact to go to the jury. As a general proposition, summary

judgment is not feasible in negligence cases where the standard of the reasonable man must be applied and it is only in the exceptional negligence case that the rule is invoked. 6 Moore's Federal Practice (2d ed.) § 56.17 [42] p. 2232; 33 St. John's L.Rev. 414, 425.

The doctrine of res ipsa loquitur has been defined in the following manner:

"* * * when a thing which causes injury, without fault of the injured person, is shown to be under the exclusive control of the defendant, and the injury is such as, in the ordinary course of things does not occur if the one having such control uses proper care, it affords reasonable evidence, in the absence of an explanation, that the injury arose from the defendant's want of care." San Juan Light & Transit Co. v. Requena, 224 U.S. 89, 98–99, 32 S.Ct. 399, 401, 56 L.Ed. 680.

Res ipsa loquitur is not a rule of pleading or a substantive rule of law, but a rule of evidence. Ramsouer v. Midland Valley Railroad Co., 8 Cir., 1943, 135 F.2d 101, 106. The Supreme Court of the United States has said that:

"In our opinion, res ipsa loquitur means that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; that they call for explanation or rebuttal, not necessarily that they require it; that they make a case to be decided by the jury, not that they forestall the verdict. Res ipsa loquitur, where it applies, does not convert the defendant's general issue into an affirmative defense. When all the evidence is in, the question for the jury is, whether the preponderance is with the plaintiff." Sweeney v. Erving, 228 U.S. 233, 240, 33 S.Ct. 416, 418, 57 L.Ed. 815.

And it has been held that, even where defendant does not produce any evidence in a case where res ipsa applies to establish plaintiff's prima facie case, it is for the jury to determine whether the inference of negligence should be drawn. George Foltis, Inc. v. City of New York, 1941, 287 N.Y. 108, 38 N.E.2d 455, 153 A.L.R. 1122.

Again, the Supreme Court of the United States has held that summary judgment should only be granted "on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party." Sartor v. Arkansas Natural Gas Corp., 1944, 321 U.S. 620, 624, 64 S.Ct. 724, 727, 88 L.Ed. 967. Since res ipsa loquitur does not compel an inference of negligence and only makes a case to be decided by a jury, the direction of a verdict in such a case would be improper. It follows that summary judgment cannot be granted.

Motion denied. So ordered.