Frank A. Gulotta, J.
The plaintiff works as an attendant at a public parking field in Long Island City and on September 15, 1959, while he was performing his duties there, he was struck on the head by part of a sign which fell from the side of an adjoining building owned and controlled by the defendants.
The bulk of the sign is painted on the brick wall of the building, but the portion that fell represented the covering of a window, on which a few letters of the sign were painted.
The sign was painted six or eight years ago, and about two years ago was inspected by the painter. It does not appear definitely who installed the window covering.
Megligence is predicated upon both careless installation of the window panel and negligent maintenance.
*308 The contention that the painter is in control of the wall of this building which is owned by one defendant and leased by the other is palpably untenable. Neither need we waste much time on the defense that the plaintiff was either contributorily negligent because he saw the sign falling and did not get out of the way on time, or that he did not see it, and therefore he cannot identify what hit him.
However, assuming control in the defendants, this at most presents a res ipsa case, but that only means that plaintiff is entitled to go to a jury, which is quite different from saying that there is no jury question involved.
Foltis v. New York (287 N. Y. 108) holds that the application of the res ipsa loquitur doctrine, creates nothing more than a permissive inference of negligence, not a compulsory inference.
In a recent case in the Second Department, Richard Equip. Corp. v. Manhattan Ind. (9 A D 2d 691), it was held that the plaintiff was entitled to summary judgment in a case which the court characterized as res ipsa, but if these two cases are to be reconciled, it seems to me that it must be done on the ground that the latter was not just a res ipsa case. It was that, but it was more than that as well. In other words, to give effect to the Foltis case holding that even in a res ipsa ease the jury is at liberty to bring in a verdict for the defendant, although he offers no proof to explain away the prima facie case which the law constructs from the occurrence of the event, we must have in addition a situation where a factual inference of negligence arises from the happening of the accident, which unexplained leads inevitably to a conclusion that the defendant was negligent.
In the Foltis case it was pointed out that while the city’s control of the water mains relieved the plaintiff of the burden of identifying the cause of the break, in view of the long time that the mains had remained buried in the ground, it was not an inescapable inference that the break could only have occurred because of the city’s negligence.
In the Richard case on the other hand, the control by the defendant of the unloading procedure was not the whole story. There was the additional fact that professional movers can be expected not to drop things that they are moving and that if they do drop a piece of machinery while they are unloading it, they have something to explain if they are to exonerate themselves from the factual inference of negligence which flows from the occurrence of the event itself.
In the present case, since there is more than one inference which one can draw from the happening of the accident, motion for summary judgment does not lie.
*309 This is much like the cáse of a train derailment, which from the passenger’s standpoint is a res ipsa loquitur case, in that he need not prove the cause of the derailment in order to make out a prima facie case, and yet there are things, other than the railroad’s negligence, which can cause a derailment, that is, a small stone on a rail, left there by a thoughtless youngster or even an animal on a 1,000-mile right of way running through open country. In such a case, it is my opinion that a plaintiff is not entitled to summary judgment and I so held in Nixon v. New York Cent. R. R. Co. (N. Y. L. J., Aug. 13, 1959, p. 7, col. 1). Motion herein denied. Short-form order signed.