■ NORMA SCHWAM, Respondent, v. BERNARD SCHWAM, Appellant.— Motion by appellant to enlarge time to perfect appeal, pursuant to stipulation of the parties dated November 29, 1960, granted; the appellant to perfect the appeal and be ready to argue or submit it at the February Term, beginning January 30, 1961. The appeal is ordered on the calendar for said term. The record and appellant's brief must be served and filed on or before January 10, 1961. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.

■ ELIAS TITTLER, Appellant, v. HARRY A. LA BURT, Individually and as Director of Creedmoor State Hospital, Respondent.— Motion by respondent to dismiss appeal denied, on condition that appellant perfect the appeal and be ready to argue or submit it at the February Term, beginning January 30, 1961. The appeal is ordered on the calendar for said term. The record and appellant's brief must be served and filed on or before January 16, 1961. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.

■ JOHN M. BENNEWARD et al., Respondents, v. COLONIAL SAND AND STONE Co., INC., Appellant.— In an action to recover damages for injuries to person and property caused by the overturning of a truck owned and operated by defendant, said defendant appeals from an order of the Supreme Court, Queens County, dated June 8, 1960, granting summary judgment in favor of plaintiffs and striking out defendant's answer, pursuant to rule 113 of the Rules of Civil Practice. Order reversed, with $10 costs and disbursements, and motion denied. If it be assumed, as plaintiffs assert, that the proof submitted was sufficient to establish negligence prima facie on the part of defendant, judgment in favor of plaintiffs was, nevertheless, not warranted as a matter of law (Rules Civ. Prac., rule 113; *George Foltis, Inc.*, v. *City of New York*, 287 N. Y. 108; *Nixon* v. *New York Cent. R. R. Co.*, 10 A D 2d 870). Nolan, P. J., Beldock, Kleinfeld and Brennan, JJ., concur; Pette, J., dissents and votes to affirm, with the following memorandum: Plaintiffs charge defendant with negligence, first, in attempting to traverse the private dirt road with a multi-ton truck carrying a nine-ton load of concrete mix; and second, after the truck became mired and had listed, in trying to extricate the listing truck without first removing the load. Defendant offers an explanation for the first, saying that it relied on the assurance of two men on the job that the road could safely be used for the purpose, other heavy equipment having previously traversed it without trouble. This may be enough to raise an issue with respect to the first act of negligence charged. However, defendant offers no excuse or explanation for the second, namely, its failure to remove the concrete before attempting to right the listing truck. The inference that the truck overturned and fell into plaintiffs' property because of defendant's negligence in this respect, is not only reasonable but is, in my opinion, inescapable in the absence of an explanation consistent with reasonable care (*George Foltis, Inc.*, v. *City of New York*, 287 N. Y. 108, 121; *Gerard* v. *Inglese*, 11 A D 2d 381; *Richard Equip. Corp.* v. *Manhattan Ind. Contr. Co.*, 9 A D 2d 691).