Howard A. Zeller, J.
Plaintiffs move for summary judgments under rule 113 of the Buies of Civil Practice in an action brought to recover damages for personal injuries suffered by the infant plaintiff because of the alleged negligence of the defendant, and in an action for medical expenses incurred and loss of services suffered by the parent of the infant plaintiff.
In the evening of August 16, 1959, at the Chenango County Fairgrounds, the infant plaintiff, James B. Conway, purchased a ticket for a ride on an amusement device known as the “ Octopus ” and operated by defendant. He was assisted by an attendant into one of the chair cars attached to steel arms extending in spoke fashion from a center power hub. During the course of the circular and undulating ride, the chair car occupied solely by the infant plaintiff came loose from its extended supporting arm and crashed to the ground, rendering the infant plaintiff unconscious and otherwise physically injuring him as a result of the fall. Defendant neither disputes these recited facts nor argues that there was contributory negligence. *1046 Because of defendant’s control of the ride, and the course of subsequent events, the plaintiffs rely on the doctrine of res ipsa loquitur to establish negligence on defendant’s part.
In opposition to these motions for summary judgment defendant submits only an affidavit made on information and belief by its attorney. This affidavit recites that deponent possesses a report and a statement which would refute negligence on defendant’s part if such papers were before the court. The defendant’s opposing affidavit is a nullity. Buie 113 contemplates that any exculpatory matter be presented to the court in the form of such documentary proof as generally would be admissible in evidence upon trial, or affidavits made by persons “having-knowledge of the facts ”. “ It is incumbent upon a defendant who opposes a motion for summary judgment to assemble, lay bare and reveal his proofs * * * to show that the matters set up in his answer are real * * *. An opposing affidavit by an attorney without personal knowledge of the facts has no probative value ”. (Di Sabato v. Soffes, 9 A D 2d 297, 301.) Although given an opportunity on the return of these motions to properly present defensive matter, defendant nevertheless elected not to do so. Plaintiffs’ affidavits on these motions must be deemed to stand factually unopposed.
Plaintiffs ’ position is that the permissible inference of negligence made available to the trier of facts by the doctrine of res ipsa loquitur becomes a conclusive presumption in the absence of any defensive or exculpatory proof, as in the present state of the litigations here.
The courts have been presented with factual situations which compel such a conclusion as plaintiffs here urge. (See, e.g., Di Sabato v. Soffes, supra, p. 301; Richard Equipment Corp. v. Manhattan Ind. Contr. Co., 9 A D 2d 691.) Such results may only be reached where the prima facie proof is so convincing that the inference of negligence is inescapable when unrebutted. (George Foltis, Inc., v. City of New York, 287 N. Y. 108; Nixon v. New York Cent. R. R. Co., 10 A D 2d 870.)
Generally, “ even when there is no dispute as to the physical facts of the accident and when there is no claim of contributory negligence * * * the unresolved issue still remains as to whether the defendant used such reasonable precautions to avoid the accident as would ordinarily be used by careful, prudent persons under like circumstances * * *. Ordinarily such issue must be decided on trial ’ ’. (Gerard v. Inglese, 11 A D 2d 381, 382-383.)
Plaintiffs’ proof here is not so compelling as to require the court to direct judgment as a matter of law. Nor does defend *1047 ant’s failure to come forward with exculpatory evidence in itself permit giving more weight to plaintiff’s case. As the proof now stands, a trier of the fact could, but would not be compelled to, infer that defendant was negligent. An issue of fact requiring trial determination does exist.
Although written concerning a motor vehicle collision, the language of Presiding Justice Bergan is applicable here: “ There are, no doubt, accidents * * * that are so cut and dry that no possible defense and no reasonable need for a trial exists; and these are cases for summary judgment under the present rule. But if there is reasonable ground for debate, one way or the other, it seems clear summary judgment is not the answer.” (Cooper v. Greyhound Bus Corp., 13 A D 2d 173, 174.) Plaintiffs’ motions for summary judgment should be denied, without costs.