■ MARIE BARRY, as Administratrix of the Estate of GEORGE D. HUGHES, Deceased, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 41452.) —REYNOLDS, J. Appeal from a judgment of the Court of Claims dismissing claimant-appellant's claim for damages for pain and suffering allegedly resulting from injuries suffered by her intestate, George D. Hughes, while a patient in Rockland State Hospital on the grounds that claimant had not established a prima facie case that any act by the State caused decedent's injuries. All that the competent evidence in the record reveals with respect to the incident involved is that in 1961 George D. Hughes, an adjudicated incompetent, fell to the floor of a ward in the Rockland State Hospital with such force that he suffered a fractured hip. A nurse who was with Hughes could tell no more than that she heard a loud thump and turned to find Hughes lying on the floor. Faced with this dearth of proof claimant attempts to rely on the doctrine of *res ipsa loquitur*. We agree with the trial court that this doctrine is not applicable in the instant case. To invoke the doctrine of *res ipsa loquitur* it would have to have been established that the instrumentality which caused the injury was in the State's exclusive control and that common experience would show that the accident would not have happened unless there was negligence in the operation and control of the agency (*George Foltis, Inc.* v. *City of New York*, 287 N. Y. 108, 117; *George* v. *City of New York*, 22 A D 2d 70,

affd. 17 N Y 2d 561). Here negligence is obviously not the only inference that can be drawn from the attending circumstances; it is equally probable that he slipped or fell on his own. Furthermore, even if he were pushed by a fellow inmate, the State would not automatically be responsible for such an occurrence (*Di Fore* v. *State of New York*, 275 App. Div. 885). We have examined the additional contentions raised by claimant and find them insubstantial. Judgment affirmed, without costs. Gibson, P. J., Herlihy, Staley, Jr., and Brink, JJ., concur with Reynolds, J.