## (June 29, 1972)

■ LUISA SOTO, as Administratrix of the Estate of MELI SOTO, Deceased, et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 45985.)— Appeal from a judgment in favor of claimant, entered February 14, 1968, upon a decision of the Court of Claims. The claim is for the alleged wrongful death of Meli Soto, who was 17 years old, when she died within hours after being transferred from the Bronx State Hospital to Jacobi Hospital on March 17, 1964. On February 19, 1964 decedent, whose history indicated a mental illness

since age six, was hospitalized in Jacobi Hospital. On February 25, 1964 she was certified for mental care and treatment in an institution under the jurisdiction of the Department of Mental Hygiene. On February 26, 1964 she was admitted to the Bronx State Hospital where her mental condition was diagnosed as schizophrenia, catatonic type. On March 13, 1964 decedent became ill with a temperature of 101.8 and medication was administered. On March 15 her temperature was 100 and medication was again administered. On March 16 her temperature rose to 104 and medication was ordered and fluids forced upon her. At 9:00 P.M. her temperature had been reduced to 102. On March 17, 1964 decedent's temperature rose to 107 and she was placed on the critical list. When she did not respond to the medication administered and alcohol sponge baths, she was transferred to Jacobi Hospital where she expired at 2:30 P.M. An autopsy was performed and, pending a toxicology report on the vital organs, the cause of death was tentatively determined to be barbiturate poisoning. The toxicology report indicated no findings of barbiturate or other narcotic agents, and the cause of death was then considered as unknown. Thereafter, this claim was brought alleging that decedent died as the result of the failure of the State to use due, reasonable and proper skill and care in its efforts to treat decedent. After a trial at which only claimant and Dr. Dromgoole, the supervisor in psychiatry at the Bronx State Hospital, testified, the Court of Claims rendered a decision finding that the State was negligent. The court's conclusion that the State did not exercise suitable care or administer treatment recognized and accepted by the medical profession is without any foundation in this record which contains no testimony as to what would constitute suitable care or recognized treatment by the medical profession. The only medical evidence presented indicates the steps taken in treating decedent, and there is no evidence that the State did not act in a reasonable manner. The court's conclusion that the State was derelict in its duty when it permitted a temperature of 101.8 on March 13 to rise to 104 on March 16 without any indication of corrective treatment during the intervening period also finds no support in the record. On the contrary, the entire medical record indicates a course of treatment throughout the entire period, and that such treatment had on March 15 caused decedent's temperature to be reduced to 100. The State is not an insurer of the lives or health of the patients committed to its care, and it was incumbent upon claimant to establish by competent medical evidence that the death of decedent was caused by reason of some breach of duty on the part of the State. (*Hirsch* v. *State of New York,* 8 N Y 2d 125; *Van Barneveld* v. *State of New York,* 35 A D 2d 900.) Nothing in this record indicates that the State breached its duty in treating and caring for decedent. The court's application of the doctrine of *res ipsa loquitur* is equally without any basis. Under that doctrine the thing which causes the injury must be shown to be within the exclusive control of the party charged with negligence. Here, there is nothing in the record establishing that the State had exclusive control of the thing which caused decedent's illness and resultant death. In fact, the cause of death was ultimately determined to be unknown, thus even the nature of the illness is unknown. The illness being unknown, the cause thereof must also be unknown. Since decedent's death might well have been the natural culmination of her condition, notwithstanding any treatment which she received, it would be an improper inference to attribute her death to negligence on the part of the State. (*Abbott* v. *Page Airways,* 23 N Y 2d 502; *Foltis, Inc.* v. *City of New York,* 287 N. Y. 108.) Judgment reversed, on the law and the facts, and claim dismissed, without costs. Staley, Jr., J. P., Sweeney, Simons, Kane and Reynolds, JJ., concur. [55 Misc 2d 1035.]